Vanessa R. Waldref
United States Attorney
Eastern District of Washington
George J.C. Jacobs III
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

FEB 07 2023

SEAN F. McAVOY, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RHONDA SUE ACKERMAN,

    Defendant.

Case No. 2:22-CR-22-RMP

PLEA AGREEMENT

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, George J.C. Jacobs, III, Assistant United States Attorney for the Eastern District of Washington, and Defendant RHONDA SUE ACKERMAN (hereinafter "Defendant" and/or "RHONDA SUE ACKERMAN" and/or "ACKERMAN") and Defendant's counsel, Colin G. Prince and Kathryn P. Lucido, agree to the following Plea Agreement:

1. <u>Guilty Pleas and Maximum Statutory Penalties:</u>

Defendant, RHONDA SUE ACKERMAN, agrees to plead guilty to Counts 1 and 2 of the Indictment returned by the Grand Jury on February 15, 2022. Defendant understands that each charge is a Class A misdemeanor offense, which carries a maximum statutory penalty of: not more than a one-year term of imprisonment; not more than a $100,000 fine; not more than a one-year term of supervised release; the payment of restitution; costs of prosecution; and a $25.00 special penalty assessment.

Plea Agreement- 1 of 17

Defendant further understands that the maximum term of probation that may be imposed in lieu of a sentence of imprisonment and supervised release is not more than 5 years. Defendant understands that the Court has the authority to impose consecutive sentences for each conviction.

Defendant understands that if Defendant violates any condition of Defendant's supervised release, the Court may revoke Defendant's term of supervised release, and require Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, up to 1 year in prison. Accordingly, Defendant understands that if Defendant commits one or more violations of supervised release, Defendant could serve a total term of incarceration greater than the maximum sentence authorized by statute for Defendant's offense(s) of conviction.

2. <u>The Court is Not a Party to the Agreement:</u>

The Court is not a party to this Plea Agreement and may accept or reject it. Defendant acknowledges that no promises of any type have been made to Defendant with respect to the sentence the Court will impose in this matter.

Defendant understands the following:

    a. sentencing is a matter solely within the discretion of the Court;

    b. the Court is under no obligation to accept any recommendations made by the United States or Defendant;

    c. the Court will obtain an independent report and sentencing recommendation from the United States Probation Office;

    d. the Court may exercise its discretion to impose any sentence it deems appropriate, up to the statutory maximum penalties;

    e. the Court is required to consider the applicable range set forth in the United States Sentencing Guidelines, but may depart upward or downward under certain circumstances; and

the Court may reject recommendations made by the United States or Defendant, and that will not be a basis for Defendant to withdraw from this Plea Agreement or Defendant's guilty pleas.

3. <u>Waiver of Constitutional Rights:</u>

Defendant understands that by entering this guilty plea, Defendant is knowingly and voluntarily waiving certain constitutional rights, including the following:

    a.    the right to a jury trial;

    b.    the right to see, hear and question the witnesses;

    c.    the right to remain silent at trial;

    d.    the right to testify at trial; and

    e.    the right to compel witnesses to testify.

While Defendant is waiving certain constitutional rights, Defendant understands that Defendant retains the right to be assisted by an attorney through the sentencing proceedings in this case and any direct appeal of Defendant's conviction and sentence, and that an attorney will be appointed at no cost if Defendant cannot afford to hire an attorney.

Defendant understands and agrees that any defense motions currently pending before the Court are mooted by this Plea Agreement, and Defendant expressly waives Defendant's right to bring any additional pretrial motions.

4. <u>Elements of the Offense:</u>

The parties agree that, in order to convict Defendant of Failure to File Income Tax Returns, in violation of 26 U.S.C. § 7203, as charged in Counts 1 and 2, the United States would have to prove beyond a reasonable doubt the following elements:

- *First*, on or about April 18, 2016 [Count 1] October 15, 2017 [Count 2], in the Eastern District of Washington, Defendant was required to file an income tax return for the calendar year ending December 31, 2015 [Count 1] December 31, 2016 [Count 2];

- *Second*, Defendant failed to file an income tax return with the Internal Revenue Service ("IRS") by April 18, 2016 [Count 1] October 15, 2017 [Count 2]; and
- *Third,* in failing to do so, Defendant acted willfully.

5. Factual Basis and Statement of Facts:

The parties stipulate and agree that the United States could prove the following facts beyond a reasonable doubt at trial, and these facts constitute an adequate factual basis for Defendant's guilty pleas. This statement of facts does not preclude either party from presenting and arguing, for sentencing purposes, additional facts which are relevant to the guideline computation or sentencing, unless otherwise prohibited in this agreement.

During the 2014, 2015 and 2016 calendar years, RHONDA SUE ACKERMAN, a resident of Spokane, Washington, was employed as a liability claims technician at Spokane County Department of Risk Management. ACKERMAN was required to file a federal income tax return (Form 1040) with the Internal Revenue Service ("IRS") because she and her husband had and received gross income computed on the community property basis in excess of $20,500 in 2014, $20,600 in 2015, and $20,700 in 2016. ACKERMAN willfully failed to file income tax returns (Forms 1040) for each calendar year. IRS Criminal Investigation's search of IRS records and IRS transcripts clearly indicate there were no returns filed under ACKERMAN's name or social security number in any of the years in question. ACKERMAN filed a request for extension of time to file for the calendar years 2014 and 2016 but filing a request for extension and then filing no return does not satisfy the taxpayer's burden to file a return. ACKERMAN was aware of the obligation to file personal income tax returns. She and her husband had filed tax returns in previous years, and they filed extensions in both 2014 and 2016.

///
///

6. The United States Agreements:

The United States Attorney's Office for the Eastern District of Washington agrees not to bring additional charges against Defendant based on information in its possession at the time of this Plea Agreement that arise from conduct that is either charged in the Indictment or identified in discovery produced in this case, unless Defendant breaches this Plea Agreement before sentencing.

7. United States Sentencing Guideline Calculations:

Defendant understands and acknowledges that the United States Sentencing Guidelines ("USSG" or "Guidelines") apply and that the Court will determine Defendant's advisory range at the time of sentencing, pursuant to the Guidelines. The United States and Defendant agree to the following Guidelines calculations.

(a) Base Offense Level:

Defendant acknowledges that the United States will recommend that Defendant's Base Offense Level for failure to file tax returns is 14, based on a tax loss of more than $40,000 but less than $100,000. *See* USSG §§ 2T1.1(a), 2T4.1(E). Defendant reserves the right to object.

(b) Specific Offense Characteristics:

Defendant acknowledges that the United States will recommend that Defendant's Base Offense Level should be increased 2-levels because Defendant failed to report the source of income exceeding $10,000 in any year from criminal activity. USSG § 2T1.1(b)(1). Defendant reserves the right to object. Defendant acknowledges that the United States will recommend that Defendant's Base Offense Level should be increased 2-levels because the offense involved sophisticated means. USSG § 2T1.1(b)(2). Defendant reserves the right to object.

(c) Abuse of Position of Trust:

Defendant acknowledges that the United States will recommend that Defendant's offense level be increased 2-levels on the basis that she abused a position of public trust. USSG §3B1.3. Defendant reserves the right to object.

(d) <u>Using a Minor to Commit a Crime:</u>

Defendant acknowledges that the United States will recommend that Defendant's offense level be increased 2-levels on the basis that she used a minor to commit a crime. USSG §3B1.4. Defendant reserves the right to object.

(e) <u>Multiple Count Analysis:</u>

The parties agree that Counts 1 and 2 involve substantially the same harm and should be grouped together into a single Group. USSG §3D1.2.

(f) <u>Acceptance of Responsibility:</u>

The United States will recommend that Defendant receive a three-level downward adjustment[1] for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a), (b), if Defendant does the following:

    i. accepts this Plea Agreement;

    ii. enters a guilty plea at the first Court hearing that takes place after the United States offers this Plea Agreement;

    iii. demonstrates recognition and affirmative acceptance of Defendant's personal responsibility for Defendant's criminal conduct;

    iv. provides complete and accurate information during the sentencing process; and

    v. does not commit any obstructive conduct.

The United States and Defendant agree that at its option and on written notice to Defendant, the United States may elect not to recommend a reduction for acceptance of responsibility if, prior to the imposition of sentence, Defendant is charged with, or convicted of, any criminal offense, or if Defendant tests positive for any controlled substance.

---

[1] If Defendant's offense level is 16 or greater.

(g) No other Agreements:

The United States and Defendant have no other agreements regarding the Guidelines or the application of any Guidelines enhancements, departures, or variances. Defendant understands and acknowledges that the United States is free to make any sentencing arguments it sees fit, including arguments arising from Defendant's uncharged conduct, conduct set forth in charges that will be dismissed pursuant to this Agreement, and Defendant's relevant conduct.

(h) Criminal History:

The United States and Defendant have no agreement and make no representations about Defendant's criminal history category, which will be determined by the Court after the United States Probation Office prepares and discloses a Presentence Investigative Report.

8. Departure:

The Defendant is free to move for a departure and/or variance under 18 U.S.C. § 3553. The United States intends to seek a guidelines sentence.

9. Incarceration:

The United States agrees to recommend a sentence of imprisonment at the low-end of the adjusted sentencing range under the USSG as determined by the Court at the time of sentencing. The Defendant is free to recommend any legal sentence she deems appropriate. Again, the Defendant understands that the Court will ultimately determine the applicable sentencing guideline range and is not bound to follow the recommendations of the parties and that the Court may also depart or vary downward or upward under the appropriate circumstances from the applicable advisory sentencing range. The parties further agree to recommend to the Court that any term of imprisonment it may impose in the instant case run concurrent to any term of imprisonment that may be imposed in *State of Washington v. Rhonda Sue Ackerman*, Case No. 21110632-32.

///

10. Criminal Fine:

The parties are free to make whatever recommendation concerning the imposition of a criminal fine that they believe is appropriate.

11. Restitution:

The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663(a) and 3664, she owes restitution in the amount of $96,363.00 to the Internal Revenue Service ("IRS") for the federal income taxes for tax years 2014, 2015 and 2016. Defendant agrees to pay $96,363.00 in full satisfaction of her restitution obligation at or before sentencing.

If the Defendant fails to pay the foregoing restitution in full at or before sentencing, the parties agree the following conditions shall apply:

(a) The parties agree the Court will order that the full amount of restitution is due and payable immediately *See* 18 U.S.C. § 3664(f)(2), (3)(A).

(b) Defendant understands that any monetary debt Defendant owes related to this matter may be included in the Treasury Offset Program (TOP) to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits. Defendant also understands the United States may, notwithstanding the Court-imposed payment schedule, pursue other avenues to ensure the restitution obligation is satisfied, including, but not limited to, garnishment of available funds, wages, or assets. *See* 18 U.S.C. §§ 3572, 3613, and 3664(m). Nothing in this acknowledgment shall be construed to limit Defendant's ability to assert any specifically identified exemptions as provided by law, except as set forth in this Plea Agreement.

(c) Until a fine or restitution order is paid in full, Defendant agrees fully to disclose all assets in which Defendant has any interest or

over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or third party.

(d) Defendant agrees to notify the Financial Litigation Unit of the United States Attorney's Office before Defendant transfers any interest in property with a value exceeding $1,000 owned directly or indirectly, individually or jointly, by Defendant, including any interest held or owned under any name, including trusts, partnerships and corporations. This obligation ceases when the restitution is paid-in-full.

(e) The Defendant agrees to notify the Court and the United States of any material change in her economic circumstances (e.g., inheritances, monetary gifts, changed employment, or income increases) that might affect her ability to pay restitution. *See* 18 U.S.C. § 3664(k). The Defendant agrees to notify the United States of any address change within 30 days of that change. *See* 18 U.S.C. §3612(b)(F). These obligations cease when the restitution is paid-in-full.

The Defendant agrees that this Plea Agreement resolves only the Defendant's criminal restitution and acknowledges the following terms:

(a) The IRS will use the amount of restitution ordered as the basis for a civil assessment under 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this restitution-based assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the Defendant's timely payment of restitution according to that schedule will preclude the IRS from immediately collecting the full amount of the restitution-based assessment. Interest on the restitution-based assessment will accrue under 26 U.S.C. § 6601 from the last date

prescribed for payment of the tax liability that is the subject of the restitution-based assessment to the date that the IRS receives full payment.

(b) Defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Defendant understands and agrees that the plea agreement does not resolve the Defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Defendant's obligation to pay any remaining civil tax liability. Defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

(c) Defendant understands that she is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

(d) If full payment is not made immediately, the Defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the United States Attorney's Office or the probation office. Defendant also agrees to provide the above-described information to the United States Attorney's Office and to the probation office.

(e) Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the Defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or any other time period.

(f) Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent to the Clerk of the Court at the following address:

> Sean F. McAvoy.
> U.S. Courthouse
> 920 W. Riverside Avenue
> Spokane, Washington 99201

(g) With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, the Defendant will provide the following information:

- The Defendant's name and Social Security number;
- The District Court docket number assigned to this case;
- Tax periods(s) for which restitution has been ordered; and
- A statement that the payment is being submitted pursuant to the District Court's restitution order.

(h) Defendant agrees to include a request that the Clerk of the Court send the information, along with the Defendant's payments, to the appropriate office of the IRS. The Defendant also agrees to send a notice of any payments made pursuant to this agreement, including

///
///
///

the information listed in the previous paragraph, to the IRS at the following address:

> IRS - RACS
> Attn: Mail Stop 6261, Restitution
> 333 W. Pershing Ave.
> Kansas City, MO 64108

12. <u>Supervised Release:</u>

The parties agree to recommend that the Court impose a 1-year term of supervised release. The parties are free to advocate for any special conditions they believe are appropriate.

13. <u>Mandatory Special Penalty Assessment:</u>

Defendant agrees to pay the $50 ($25 per count of conviction) mandatory special penalty assessment to the Clerk of Court for the Eastern District of Washington. *See* 18 U.S.C. § 3013.

14. <u>Payments While Incarcerated:</u>

If Defendant lacks the financial resources to pay the monetary obligations imposed by the Court, then Defendant agrees to earn the money to pay toward these obligations by participating in Bureau of Prisons' Inmate Financial Responsibility Program.

15. <u>Additional Violations of Law Can Void Plea Agreement:</u>

The parties agree that the United States may at its option and upon written notice to Defendant, withdraw from this Plea Agreement or modify its recommendation for sentence if, before sentencing, Defendant is charged or convicted of any criminal offense whatsoever or if Defendant tests positive for any controlled substance.

16. <u>Appeal Rights:</u>

Defendant understands that she has a limited right to appeal or challenge the conviction and sentence imposed by the Court. Defendant hereby expressly waives her right to appeal her convictions, sentence and fine but reserves her right to appeal

any restitution order if it exceeds $96,363.00. Defendant further expressly waives her right to file any post-conviction motion attacking her convictions and sentence to include any restitution order, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not now known by Defendant and which, in the exercise of due diligence, could not be known by Defendant by the time the Court imposes the sentence.

17. <u>Compassionate Release:</u>

In consideration for the benefits Defendant is receiving under the terms of this Plea Agreement, Defendant expressly waives Defendant's right to bring any motion for Compassionate Release other than a motion arising from one of the specific bases set forth in this paragraph of this Plea Agreement. The United States retains the right to oppose, on any basis, any motion Defendant files for Compassionate Release.

The only bases on which Defendant may file a motion for Compassionate Release in the Eastern District of Washington are the following:

    b. Medical Condition of Defendant.

        i. Defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia; or

        ii. Defendant is suffering from a serious physical or medical condition, a serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a

correctional facility and from which Defendant is not expected to recover.

    c. Age of Defendant.

        i. Defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process; and has served at least 10 years or 75 percent of Defendant's term of imprisonment, whichever is less; or

        ii. Defendant is at least 70 years old and has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which Defendant is imprisoned.

    d. Family Circumstances.

        i. The caregiver of Defendant's minor child or children has died or become incapacitated, and Defendant is the only available caregiver for Defendant's minor child or children; or

        ii. Defendant's spouse or registered partner has become incapacitated, and Defendant is the only available caregiver for Defendant's spouse or registered partner.

    e. Ineffective Assistance of Counsel.

        i. Defendant seeks Compassionate Release based on a claim of ineffective assistance of counsel arising from information that Defendant both

            1. did not know at the time of Defendant's guilty plea, and

could not have known, in the exercise of due diligence, at the time the Court imposed sentence.

///

18. <u>Withdrawal or Vacatur of Defendant's Pleas:</u>

Should Defendant successfully move to withdraw from this Plea Agreement or should Defendant's convictions be set aside, vacated, reversed, or dismissed under any circumstance, then:

    a. this Plea Agreement shall become null and void;

    b. the United States may prosecute Defendant on all available charges;

    c. The United States may reinstate any counts that have been dismissed, have been superseded by the filing of another charging instrument, or were not charged because of this Plea Agreement; and

    d. the United States may file any new charges that would otherwise be barred by this Plea Agreement.

The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

Defendant agrees to waive any objections, motions, and/or defenses Defendant might have to the United States' decisions to seek, reinstate, or reinitiate charges if a count of conviction is withdrawn, set aside, vacated, reversed, or dismissed, including any claim that the United States has violated Double Jeopardy.

Defendant agrees not to raise any objections based on the passage of time, including but not limited to, alleged violations of any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

19. <u>Integration Clause:</u>

The parties acknowledge that this document constitutes the entire Plea Agreement between the parties, and no other promises, agreements, or conditions exist between the parties concerning this case's resolution. This Plea Agreement is binding only upon the United States Attorney's Office for the Eastern District of Washington,

and cannot bind other federal, state, or local authorities. The parties agree that this agreement cannot be modified except in writing that is signed by the United States and Defendant.

## Approval and Signature

Agreed and submitted on behalf of the United States Attorney's Office for the Eastern District of Washington.

Vanessa R. Waldref
United States Attorney

_____        2/7/2023
George J.C. Jacobs III              Date
Assistant United States Attorney

I have read this Plea Agreement and have carefully reviewed and discussed every part of the agreements with my attorney. I understand and voluntarily enter into the Plea Agreement. Furthermore, I have consulted with my attorney about my rights, I understand those rights, and I am satisfied with the representation of my attorney in this case. No other promise or inducements have been made to me, other than those contained in this Plea Agreement and no one has threatened or forced me in any way to enter into this Plea Agreement. I am agreeing to plead guilty because I am guilty.

_____        2/7/23
RHONDA SUE ACKERMAN              Date
Defendant

I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to

///

///

Plea Agreement- 16 of 17

plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's pleas of guilty.

_____         2/7/23
Colin G. Prince                                  Date
Attorney for Defendant

    I have read the Plea Agreement and have discussed the contents of the agreement with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement between the parties. I concur in my client's decision to plead guilty as set forth in the Plea Agreement. There is no legal reason why the Court should not accept Defendant's pleas of guilty.

_____        _____
Kathryn P. Lucido                                 Date
Attorney for Defendant