PROB 12C
(6/16)

Report Date: August 9, 2024

# United States District Court

for the

Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 09, 2024

SEAN F. McAVOY, CLERK

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Rhonda Sue Ackerman      Case Number: 0980 2:22CR00022-SAB-1

Address of Offender: ▓▓▓▓▓▓▓▓▓▓, Spokane, Washington 99201

Name of Sentencing Judicial Officer: The Honorable Rosanna Malouf Peterson, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: May 23, 2023

| | | | |
|---|---|---|---|
| Original Offense: | Counts 1 & 2: Failure to File Income Tax Return, 26 U.S.C. § 7203 | | |
| Original Sentence: | Prison - 12 months<br>TSR - 12 months | Type of Supervision: | Supervised Release |
| Asst. U.S. Attorney: | George J. C. Jacobs, III | Date Supervision Commenced: | April 1, 2024 |
| Defense Attorney: | Federal Defenders Office | Date Supervision Expires: | March 31, 2025 |

## PETITIONING THE COURT

To issue a summons.

On February 2, 2024, the offender's conditions of supervised release were modified to include the requirement that she reside at a residential reentry center (RRC) for a period of up to 180 days.

On April 2, 2024, the probation officer reviewed the conditions of supervision with the offender and she signed said conditions acknowledging she understood her requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 3**: You must reside in a residential reentry center (RRC) for a period up to 180 days at the direction of the supervising officer. Your participation in the programs offered by the RRC is limited to employment, education, treatment, and religious services at the direction of the supervising officer. The defendant shall abide by the rules and requirements of the facility. |

    **Supporting Evidence**: The offender is alleged to have violated special condition number 3, by failing to abide by several RRC rules since commencing public law placement on April 1, 2024.

    Since commencing public law placement at the RRC, Ms. Ackerman has incurred several RRC rule violations. Specifically, she has deviated from her approved schedule, concealed a vape pen in the lining of her purse, accessed social media and utilized gambling applications on her cellular telephone.

Prob12C
**Re: Ackerman, Rhonda Sue**
**August 9, 2024**
**Page 2**

| | |
|---|---|
| 2 | **Special Condition #1:** You must not engage in any form of gambling (including, but not limited to, lotteries, on-line wagering, sports betting) and you must not enter any casino or other establishment where gambling is the primary purpose (e.g. horse racetracks, off-track betting establishments). |

**Supporting Evidence:** The offender is alleged to have violated special condition number 1, by utilizing gambling applications on her cellular telephone.

On or about June 29, 2024, Ms. Ackerman's cellular telephone was confiscated by RRC staff after they discovered gambling applications on her device, which is prohibited by RRC rules. At that time, there was no indication that the offender was spending money to use the applications and she insisted to the probation officer that she was not making any purchases within the applications. As such, she was reprimanded by the probation officer and she was instructed to delete the applications, which she did in the presence of the undersigned. Her gambling restriction, as well as the RRC restrictions related to gambling applications, were also reviewed.

On or about July 31, 2024, Ms. Ackerman's telephone was again confiscated by RRC staff after it was discovered she was using gambling applications on her cellular telephone. Further, they found evidence that she was making purchases within the applications. Ms. Ackerman's case manager provided the probation officer with screen shots of the purchases, which confirmed that between May 31, and July 29, 2024, Ms. Ackerman spent more than $300 on gambling applications on her cellular telephone.

| | |
|---|---|
| 3 | **Standard Condition #4**: You must be truthful when responding to questions asked by your probation officer. |

**Supporting Evidence:** The offender is alleged to have violated standard condition number 4, by failing to be truthful when responding to questions asked by the probation officer.

On July 2, 2024, the probation office met with the offender to discuss the gambling applications that were found on her cellular telephone on or about June 29, 2024. During that discussion, she admitted to having the gambling applications on her telephone, but she insisted she had not made any purchases within those applications.

As noted in alleged violation number 2, RRC staff located evidence on Ms. Ackerman's cellular telephone indicating she had been making purchases within the gambling applications. As such, she failed to be truthful with the probation officer.

| | |
|---|---|
| 4 | **Standard Condition # 12**: If this judgment imposes restitution, a fine, or special assessment, it is a condition of supervised release that you pay in accordance with the Schedule of Payments sheet of this judgment. You shall notify the probation officer of any material change in your economic circumstances that might affect your ability to pay any unpaid amount of restitution, fine, or special assessments. |

**Supporting Evidence**: The offender is alleged to have violated standard condition number 12, by failing to pay her restitution in accordance with the Schedule of Payments as outlined in her judgment.

Prob12C
Re: Ackerman, Rhonda Sue
August 9, 2024
Page 3

On May 13, 2024, Ms. Ackerman paid her special assessment fee in full. Since that date, she has made no other payments toward her outstanding monetary penalties. Her current restitution balance is $96,363.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:    August 9, 2024

s/Lori Cross

Lori Cross
U.S. Probation Officer

THE COURT ORDERS

[ ]    No Action
[ ]    The Issuance of a Warrant
[X]    The Issuance of a Summons
[ ]    Other

*Stanley A. Bastian*

Signature of Judicial Officer

8/9/2024

Date